**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(973) 776-7700

CHAMBERS OF
**JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**

U.S. COURTHOUSE
50 WALNUT STREET, ROOM 2060
NEWARK, NJ 07102

August 13, 2024

**LETTER ORDER**

Re: **Georges v. McElroy**
 **Civil Action No. 21-17394 (EP)**

Dear Counsel:

Presently pending before the Court is a motion by Defendant Gregory McElroy ("Defendant") to vacate the Clerk's entry of default entered against him in this matter on February 2, 2024. *See* Dkt. No. 21. Plaintiff Ashley Georges ("Plaintiff"), proceeding in this matter *pro se*, opposes Defendant's motion. *See* Dkt. No. 24. For the reasons set forth below, Defendant's motion to vacate the entry of default [Dkt. No. 21] is **GRANTED** and Plaintiff's motion seeking the entry of a default judgment against Defendant [Dkt. No. 17] is **DENIED as moot**.

Pursuant to Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c); *see also Mrs. Ressler's Food Prods. v. KZY Logistics, LLC*, 675 F. App'x 136, 139 (3d Cir. 2017). Adjudication of a motion to set aside default is left to the discretion of the district court. *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002). In considering whether to vacate default, a court should consider (1) whether the plaintiff will be prejudiced by a vacatur of default, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's culpable conduct led

to the entry of default. *See Feliciano v. Reliant Tooling, Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *see also Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 459 (3d Cir. 2011).

The United States Court of Appeals for the Third Circuit has long disfavored defaults and default judgment, preferring "doubtful cases to be resolved in favor of the party moving to set aside the default . . . 'so that cases may be decided on their merits.'" *U.S. v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194-195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)). The criteria for determining whether to set aside a default judgment or an entry of default are the same, but they are applied more liberally to an entry of default. *Brittingham v. Camden City Police*, No. 05-115, 2007 WL 1723403, at *1 (D.N.J. June 12, 2007).

Plaintiff's initial Complaint in this matter was filed with the Court on September 22, 2021. *See* Dkt. No. 1. The Court completed its screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) on May 31, 2022, and dismissed Plaintiff's Complaint without prejudice. *See* Dkt. No. 4. Plaintiff filed an Amended Complaint on July 28, 2022. *See* Dkt. No. 6, Amended Complaint. According to Plaintiff's Amended Complaint, Plaintiff, a state prisoner at South Woods State Prison, was well known "for helping other prisoners with their legal work, as well as for filing grievances whenever his state or federal constitutional rights are threaten[ed] or violated by prison staff." Amended Complaint at ¶ 4. Plaintiff alleges that Defendant, a corrections officer at East Jersey State Prison ("EJSP"), where Plaintiff was incarcerated during the time of the events underlying Plaintiff's claims in this matter, in purported retaliation for Plaintiff's filing of certain grievances against prison staff, improperly denied Plaintiff access to the law library. *Id.* at ¶ 18-20. The Court completed its screening of Plaintiff's Amended Complaint on October 17, 2023, and allowed Plaintiff to proceed with his retaliation claim against Defendant in his individual capacity only. *See* Dkt. No. 11. Plaintiff's remaining claims were dismissed. *Id.*

Plaintiff's Amended Complaint was served on Defendant by the United States Marshals Service on November 14, 2023, and Defendant's answer was due on December 5, 2023. *See* Dkt. No. 16. Plaintiff filed a request for the entry of default as to Defendant on January 9, 2024, and default was entered on February 2, 2024. Plaintiff filed a motion seeking the entry of a default judgment on February 21, 2024. *See* Dkt. No. 17. Counsel for Defendant filed a notice of appearance in this matter on May 6, 2023 [Dkt. No. 18] and Defendant's present motion to vacate the entry of default was filed on May 20, 2024 [Dkt. No. 21]. Plaintiff filed his opposition to Defendant's motion on June 11, 2024. *See* Dkt. No. 24.

In support of his motion to vacate the entry of default, Defendant states that he "was on a leave of absence from approximately July 10, 2023 through January 3, 2024" and "was informed by a Department of Corrections staff member that [he] was issued a summons and was named as a defendant in the instant matter" during the week of November 14, 2023 when service was effectuated. Dkt. No. 22-1, Declaration of Gregory McElroy at ¶ 4-5. According to Defendant, prior to November 23, 2023, he "went to EJSP and signed a representation request" and for "reasons unknown to [Defendant], that representation request was not sent over to the Office of the Attorney General." *Id.* at ¶ 6. The Office of the Attorney General claims it "became aware of the Clerk's entry of default" during the week of May 2, 2024. Dkt. No. 21-2, Declaration of Natalie Dennis at ¶ 10.

In opposition to Defendant's present motion, Plaintiff argues that he would be prejudiced if the entry of default was vacated "due to the time sensitivities" in this and other matters currently pending before this Court, that Defendant does not have meritorious defenses to Plaintiff's claims, and that "Defendant knew he had to provide an answer with the specified time provided in the summons." Dkt. No. 24 at ¶¶ 4, 5, 8.

Given Rule 55's liberal standard, the Court is satisfied that there is good cause to vacate the entry of default against Defendant. First, Plaintiff will suffer no real prejudice if default is vacated. Plaintiff may

3

still pursue his claims, which arise from events occurring in June 2021, and there is no reason to believe that relevant evidence has been rendered unavailable in the very brief time that Defendant's answer has been delayed. Secondly, Defendant has articulated several defenses to Plaintiff's claims, including that Defendant is entitled to qualified immunity. Finally, although Defendant did indeed fail to timely respond to Plaintiff's Complaint, there is no evidence that he committed culpable conduct by submitting an ultimately unfulfilled representation request. Although Defendant has not provided a thorough explanation as to the breakdown in the process by which he was to be assigned counsel by the Office of the Attorney General, Plaintiff has put forth no evidence that Defendant acted willfully to ignore the Summons and Complaint.

Based on the foregoing, the Court finds good cause to vacate the entry of default. Accordingly, Defendant's motion to vacate the entry of default [Dkt. No. 21] is **GRANTED** and Plaintiff's motion for the entry of a default judgment [Dkt. No. 17] is **DENIED as moot**. Defendant shall file and serve his answer within **fourteen (14) days** from the date of this Order.

**IT IS SO ORDERED.**

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**